

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00043-CR

---

Billy Jack Barrera, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 81st District Court
Karnes County, Texas
Trial Court No. 20-01-00001-CRK

---

## MEMORANDUM OPINION[1]

A jury convicted Appellant Billy Jack Barrera of one count of cruelty to animals, a third-degree felony. Tex. Pen. Code Ann. § 42.092(b)(1). The trial court sentenced Barrera to four years

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

confinement. On appeal, Barrera's counsel filed an *Anders* brief in support of a motion to withdraw. We grant the motion to withdraw and affirm the judgment of the trial court.

## I. BACKGROUND

Barrera was indicted on one count of cruelty to animals. Barrera entered a plea of not guilty, and the case proceeded to a jury trial. The State presented evidence through multiple live witnesses who testified that Barrera beat his pit bull repeatedly with a machete. The State also presented multiple exhibits into evidence, namely photographs of the dog's extensive injuries and veterinary records. At the end of the guilt-innocence phase of trial, the jury returned a verdict of guilty. Barrera elected for the trial court to assess his punishment. The trial court sentenced Barrera to four years' confinement and ordered him to pay court costs.

## II. FRIVOLOUS APPEAL

"A criminal defense attorney's duty is to zealously represent the interests of his client on appeal." *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). However, "if counsel finds [appellant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Barrera's counsel did so here, filing an *Anders* brief and a motion to withdraw. *Id* at 738. With citations to the record and legal authority, counsel's brief contains a professional evaluation of the record, explains why no arguable points of error exist for review, and concludes that this appeal is frivolous and without merit. *Id.* at 744–45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). We conclude the brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13. Additionally, in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel provided Barrera with a copy of the brief, advised him of his right to examine the record and file a response,

and advised him of his right to seek discretionary review in the Texas Court of Criminal Appeals should this Court conclude his appeal is frivolous. Barrera neither requested a copy of the record nor filed a *pro se* brief.

### III. INDEPENDENT REVIEW

Once appointed counsel files a compliant *Anders* brief, a court of appeals must conduct its own independent review of the record to ascertain whether there are any arguable grounds for the appeal. *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). Having reviewed the entire record of this appeal, we conclude the appeal is wholly frivolous and without merit. *In re Schulman*, 252 S.W.3d at 406 n.9.

Accordingly, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw.

### IV. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Barrera may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days from the date of either: (1) this opinion; or (2) the last timely motion for rehearing or motion for en banc reconsideration that is overruled by this Court. *See* Tex. R. App. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

### V. CONCLUSION

We affirm the trial court's judgment of conviction.


GINA M. PALAFOX, Justice


3

April 9, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)